Brandon L. Sylvia (State Bar No. 261027)
bsylvia@rutan.com
Noell C. Rice (State Bar No. 321855)
nrice@rutan.com
RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
Irvine, CA 92612
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Defendants
FISHER PRINTING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLASA GARCIA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FISHER PRINTING, INC., a Illinois Corporation; and DOES 1-25, inclusive,<br><br>Defendants. | Case No.<br><br>(OCSC Case No. 30-2021-01202466-CU-WT-CJC)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. § 1332(a)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF NICOLASA GARCIA, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Fisher Printing, Inc. ("Fisher Printing" or "Defendant"), hereby removes this case from the Superior Court of the State of California for the County of Orange to the United States District Court for the Central District of California. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a), and is one which may be removed to this Court by Defendant pursuant to 28 U.S.C. §§ 1441(a) and (b), on the basis of diversity jurisdiction, for the reasons stated more fully below.

## I. PROCEDURAL BACKGROUND.

1. On May 24, 2021, Plaintiff Nicolasa Garcia ("Plaintiff") filed a civil action against Fisher Printing in the Superior Court of the State of California in the County of Orange ("Superior Court"), entitled *Nicolasa Garcia v. Fisher Printing, Inc. and DOES 1-25, inclusive*, Case No. 30-2021-01202466-CU-WT-CJC (the "Action"). A true and correct copy of the Summons is attached hereto as Exhibit A. A true and correct copy of the Complaint is attached hereto as Exhibit B.

2. On May 24, 2021, Plaintiff filed a Civil Case Cover Sheet in addition to the Summons and Complaint. A true and correct copy of the Civil Case Cover Sheet is attached hereto as Exhibit C.

3. On May 25, 2021, the Superior Court served a Notice of Hearing Case Management Conference and, on July 1, 2021, served a Minute Order changing the time thereof. A true and correct copy of the Notice of Hearing Case Management Conference is attached hereto as Exhibit D. A true and correct copy of the July 1, 2021 Minute Order is attached hereto as Exhibit E.

4. Plaintiff initiated the procedure for serving Fisher Printing with the Summons and Complaint in this matter by mailing a Notice And Acknowledgement Of Receipt on October 14, 2021. Defendant acknowledged receipt of the Summons and Complaint on November 3, 2021 by signing the Notice And Acknowledgement Of Receipt. A true and correct copy of the filed Notice And Acknowledgement Of Receipt is attached hereto as Exhibit F. Under the California Code of Civil Procedure provisions for notice and acknowledgement of receipt used by Plaintiff, the service of process on Fisher Printing became effective on November 3, 2021. *See* Cal. Code Civ. Proc. § 415.30(a), (d).

5. On October 26, 2021, Plaintiff filed a Case Management Conference Statement. A true and correct copy of Plaintiff's Case Management Conference Statement is attached hereto as Exhibit G.

/ / /

Rutan & Tucker, LLP
attorneys at law

3014/014691-0052
17162083.3 a12/03/21

-2-

NOTICE OF REMOVAL OF CIVIL ACTION
(28 U.S.C. § 1332(A))

6. On October 26, 2021, Plaintiff filed a Notice of Posting Jury Fees. A true and correct copy of Plaintiff's Notice of Posting Jury Fees is attached hereto as Exhibit H.

7. On October 28, 2021, the Superior Court finalized minutes for the October 28, 2021 Case Management Conference. A true and correct copy of the Superior Court's October 28, 2021 Minutes is attached hereto as Exhibit I.

8. On December 1, 2021, Plaintiff filed a Summons and First Amended Complaint ("FAC"). A true and correct copy of the Summons is attached hereto as Exhibit J. A true and correct copy of the FAC is attached hereto as Exhibit K.

9. On December 2, 2021, Defendant filed an answer to Plaintiff's unverified FAC. A true and correct copy of the Answer by Defendant Fisher Printing, Inc. to Unverified First Amended Complaint of Nicolasa Garcia is attached hereto as Exhibit L.

10. There are no other named (non-Doe) defendants to join in this Notice of Removal.

11. True and correct copies of all documents filed/served in the Action are attached as Exhibits A-L.

**II. VENUE.**

12. The Action was filed in the Superior Court of California for the County of Orange. Thus, venue properly lies in the United States District Court for the Central District of California, Southern Division. *See* 28 U.S.C. §§ 84(c)(3), 1391(a) and (b)(2), and 1441(a).

**III. DIVERSITY JURISDICTION.**

**A. Plaintiff and Defendant Are Citizens Of Different States.**

13. *Plaintiff's Citizenship.* Plaintiff is and was, at all relevant times, a citizen of the State of California. (Complaint, ¶ 1; FAC, ¶ 1.)

14. *Defendant's Citizenship.* Both at the time this Action was filed and as of the date of removal, Fisher Printing was and still is a corporation incorporated

Rutan & Tucker, LLP
attorneys at law

3014/014691-0052
17162083.3 a12/03/21

-3-

NOTICE OF REMOVAL OF CIVIL ACTION
(28 U.S.C. § 1332(A))

under the laws of the State of Illinois, with its principal place of business in Bridgeview, Illinois. A corporation's "principal place of business" refers to the place where the corporation's Board of Directors and its high-level officers direct the corporation's activities. This "nerve center" is typically a corporation's headquarters. *Hertz Corp. v. Friend*, 559 U.S. 78, 80-81, 92-93 (2010). Fisher Printing's corporate headquarters is located in Bridgeview, Illinois. Defendant's Board of Directors meetings and shareholder meetings are held at the Company's Bridgeview, Illinois, offices. Corporate policies are directed and controlled through meetings conducted in Bridgeview, Illinois, among the Company's directors and high-level officers. Defendant's corporate accounting activities are conducted in Illinois, and its corporate accounting firm is located in Illinois. The majority of Fisher Printing's revenue is generated from activities and operations in Illinois. Declaration of Macy McKown ("McKown Decl."), ¶ 2. Thus, Fisher Printing is a citizen of Illinois.

15. Plaintiff has also brought the Action against Defendants Does 1-25. The Complaint does not set forth the identity or status of any fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Thus, pursuant to Section 1441(b), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this Action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

16. Accordingly, Plaintiff and Defendant are citizens of different states.

**B. The Amount in Controversy Exceeds $75,000**.

17. In the FAC, Plaintiff alleges nine causes of action, which stem from two types of claims and theories: disability discrimination; and failure to provide meal periods or premium in lieu thereof.[1]

18. Plaintiff does not specify in her FAC the amount of damages she seeks.

---

[1] The listing of Plaintiff's claims on the caption page details only eight causes of action; but, the body of the FAC alleges nine causes of action.

Rutan & Tucker, LLP
attorneys at law

3014/014691-0052
17162083.3 a12/03/21

-4-

NOTICE OF REMOVAL OF CIVIL ACTION
(28 U.S.C. § 1332(A))

19. The amount in controversy is an estimate of the total amount in dispute. *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). When the amount is not facially apparent from the Complaint, courts may consider facts in the removal notice. *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). The removal notice need not set forth evidentiary submissions; it is sufficient for the removal notice to allege plausibly the factual basis for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84, 89 (2014).

### 1. **Plaintiff's Disability Discrimination Causes of Action**.

20. Plaintiff's first seven causes of action in the FAC are: (1) Actual/Perceived Disability Discrimination in Violation of Fair Employment and Housing Act (FEHA); (2) Failure to Reasonably Accommodate in Violation of FEHA (Cal. Gov't Code §§ 12940(a), (i), (m), (n)); (3) Failure to Engage in an Interactive Process in Violation of FEHA (Cal. Gov't Code §§ 12940(a), (i), (m), (n)); (4) Retaliation in Violation of FEHA (Government Code §§ 12900, et seq.); (5) California Family Rights Act (CFRA) Interference / Retaliation (Cal. Gov't Code § 12945.2); (6) Failure to Prevent Discrimination & Retaliation; and (7) Wrongful Termination in Violation of Public Policy (*Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 170 (1980)).

21. While Defendant disputes Plaintiff's claims—including the allegations that actually suffered a disability, that Defendant had any animus toward Plaintiff due to an alleged disability, or that Plaintiff was wrongfully terminated—Plaintiff pleaded as such. Thus, an estimated recovery of the FEHA, CFRA, and wrongful termination causes of action form the current amount at stake in this lawsuit. *See Lewis*, 627 F.3d at 400 (removing Defendant does not need to concede liability for the amount in controversy).

22. Pursuant to these first seven causes of action, Plaintiff seeks several types of damages in a sum to be proven at trial, including, but not limited to, lost past and future income and employment benefits, damage to her career, physical injuries,

psychological and emotional distress, humiliation, mental and physical pain and anguish, exemplary and/or punitive damages, and attorneys' fees. (FAC, ¶¶ 25-27, 36-39, 56-59, 69-72, 84, 92-95, and 103-105.) The damages Plaintiff pleaded are consistent with causes of action for disability discrimination, and can add up quickly. *See, e.g., Martinez v. Rite Aid Corp.*, 63 Cal. App. 5th 958, 968, (2021)(jury awarded plaintiff $2 million on her wrongful termination claim against her former employer, which the Court of Appeal only slightly reduced).

23. Plaintiff's allegations seeking both past and future loss of income strongly suggest that she is not currently employed. (*See, e.g.*, FAC ¶ 25.) Plaintiff alleges that her employment with Defendant ended "on or about May 22, 2019." (FAC ¶ 14.) At the time of Plaintiff's separation, Plaintiff earned $13.50 per hour and worked approximately 40 hours per week with occasional overtime. (McKown Decl., ¶ 4.) Based on California's minimum wage law, Plaintiff's earnings would have increased on January 1, 2021 to, at a minimum, $14.00 per hour. Cal. Lab. Code §§ 1182.12(b)(1)(E). Assuming Plaintiff remains unemployed until the end of this year (while making a good faith effort to mitigate her damages), then past loss of income alone totals approximately $74,480.00. (Declaration of Noell C. Rice ("Rice Decl."), ¶ 2.) It is further reasonable to approximate that Plaintiff will seek approximately $600 per week after January 1, 2022, when the California minimum wage increases to $15.00 per hour. (Rice Decl., ¶ 3.)

24. Plaintiff also pleaded emotional distress damages and punitive damages. Defendant again disputes that Plaintiff is entitled to either form of recovery. But, the Court can consider these allegations in analyzing the amount in controversy. *Kroske v. US Bank Corp.*, 432 F,3d 976, 980 (9th Cir. 2005) (finding district court properly considered potential emotional distress damages in assessing amount in controversy); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action . . ."); *Cuevas v. Lowes Home Ctrs., LLC*, No. CV 20-

Rutan & Tucker, LLP
attorneys at law

3014/014691-0052
17162083.3 a12/03/21

-6-

NOTICE OF REMOVAL OF CIVIL ACTION
(28 U.S.C. § 1332(A))

2755 PSG (KSx), 2020 WL 6439174, *5 (C.D. Cal. Aug. 05, 2020)("Courts may consider emotional distress damage when analyzing the amount in controversy.").

25. Emotional distress damages in a disability discrimination case can vary greatly, from the tens of thousands of dollars to the hundreds of thousands of dollars. (Rice Decl., ¶ 8; Exs. 1-4.) Even in the absence of a verdict in a factually-analogous case, at least one Central District Court has opined that "it is reasonable to apply a 1:1 ratio to emotional distress and economic damages" for purposes of analyzing the amount in controversy. *Garfias v. Team Indus. Servs.*, 2017 U.S. Dist. LEXIS 167370, *12 (C.D. Cal. 2017) (comment made in ruling denying motion to remand in case alleging claims sounding in FEHA discrimination and retaliation). Applying a 1:1 ratio here, based on the estimated damages set forth above, increases the amount in controversy by approximately $75,000.00.

26. With regard to Plaintiff's seeking of punitive damages, a ratio based upon the amount of compensatory damages at issue is a familiar measure. *Garfias*, 2017 U.S. Dist. Lexis 167370, *13. A 1:1 ratio in this context is considered conservative. *Bayol v. Zipcar, Inc.*, 2015 U.S. Dist. LEXIS 109027, *24 (N.D. Cal. 2015) ("A ratio of 1:1 between punitive and economic damages has been described as 'conservative' for purposes of calculating the amount in controversy."); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 698 (9th Cir. 2007) (affirming district court denial of motion to remand where district court "conservatively estimated" punitive damages at a 1:1 ratio of economic damages); *see also Fonseca v. Vigo Importing Co.*, 2016 U.S. Dist. LEXIS 148457, *4 (N.D. Cal. 2016) ("In assessing the potential amount of punitive damages, courts have used a ratio of 1:1 between punitive and economic damages for the purposes of estimating the amount in controversy."). Applying the "conservative" ratio of 1:1 to Plaintiff's anticipated economic damages at stake adds another approximately $75,000 to the amount in controversy.

/ / /

Rutan & Tucker, LLP
attorneys at law

3014/014691-0052
17162083.3 a12/03/21

-7-

NOTICE OF REMOVAL OF CIVIL ACTION
(28 U.S.C. § 1332(A))

27. Plaintiff seeks recovery of attorneys' fees, which FEHA allows. (*See, e.g.*, FAC, ¶ 38 (requesting attorneys' fees and citing Cal Gov't Code § 12965(b) as authority to obtain them)). Plaintiff's seeking of attorneys' fees—even if only calculated as of the time of removal—puts even more into the amount in controversy. *See, e.g.*, *Muniz v. United Parcel Service, Inc.*, 738 F.3d 214, 218, (9th Cir. 2013)(finding no abuse of discretion where the trial court awarded $697,971.80 in Plaintiff attorney's fees on a FEHA case where the jury awarded $27,280 in damages to plaintiff).

28. Thus, the amount in controversy of the first seven causes of action easily exceeds $75,000.

### 2. **Plaintiff's Eighth Cause of Action**.

29. Plaintiff's eighth cause of action is failure to provide meal periods or compensation in lieu thereof. As part of her eighth cause of action, Plaintiff alleges that "[d]ue to Defendants' policies and procedures, Plaintiff was not authorized to take and/or was she [sic] not provided with meal breaks in accordance to California law." (FAC, ¶ 112.) Plaintiff seeks "one hour of additional pay at the regular rate of compensation for each workday that the proper meal break period was not provided, pursuant to Labor Code §§ 226.7, 512, and the applicable IWC Wage Orders in an amount according to proof." (FAC, ¶ 114.) Thus, if Plaintiff is seeking a meal period premium for each day she worked during the relevant time period, Plaintiff's allegations seek approximately $4,488.50 in meal period premiums. (Rice Decl. ¶¶ 4-7.)

\* \* \* \*

30. The amount in controversy for Plaintiff's prayer for past loss of income and benefits, emotional distress damages, punitive damages, and meal period premiums place the amount in controversy well in excess of $75,000.

31. Further, Defendant's counsel informed Plaintiff's counsel it was inclined to remove the case "unless you believe the amount in controversy in this matter will

not exceed $75,000, and you and your client are willing to stipulate that any recovery in this case by Plaintiff will not exceed that amount." (Rice Decl., ¶ 10; Ex. 5.) Plaintiff's counsel's response was that "she had no response from [Plaintiff]." (*Id* ¶ 11.)

32. Therefore, the amount in controversy exceeds $75,000.

### IV. THE REMOVAL IS TIMELY.

33. Fisher Printing was first served with the Summons and Complaint in this matter by signing the Notice And Acknowledgement Of Receipt on November 3, 2021. (Exhibits A, B, & F.) In addition, Plaintiff's counsel emailed Defendant's counsel a copy of the FAC on December 2, 2021. (Rice Decl., ¶ 3; Exhibits J & K.) The Notice of Removal is timely filed within 30 days of service, as required by 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pip Stringing, Inc.*, 526 U.S. 344, 347-348 (1999)("hold[ing] that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service").

### V. NOTICE TO STATE COURT.

34. Promptly after filing this Notice of Removal, Defendant will file a Notice to Adverse Party of Removal of Action to Federal Court with the Clerk of the Superior Court of the State of California for the County of Orange, notifying it of its removal of the Action to this Court. A true and correct copy of this notice is attached hereto as Exhibit M.

\* \* \* \*

Because the Court has original jurisdiction of this Action pursuant to 28 U.S.C. § 1332(a), removal of this Action is proper pursuant to 28 U.S.C. §§ 1441(a) and (b).

WHEREFORE, Defendant prays the above-referenced Action now pending in the Superior Court of the State of California for the County of Orange, Case No. Case

No. 30-2021-01202466-CU-WT-CJC, be removed from the Superior Court to the United States District Court for the Central District of California.

Dated: December 3, 2021

RUTAN & TUCKER, LLP
BRANDON L. SYLVIA

By: /s/ *Brandon L. Sylvia*
Brandon L. Sylvia
Attorneys for Defendants
FISHER PRINTING, INC.

Rutan & Tucker, LLP
attorneys at law

3014/014691-0052
17162083.3 a12/03/21

-10-

NOTICE OF REMOVAL OF CIVIL ACTION
(28 U.S.C. § 1332(A))