Case 8:21-cv-01985-DOC-JDE Document 1-2 Filed 12/03/21 Page 1 of 17 Page ID #:12
Electronically Filed by Superior Court of California, County of Orange, 05/24/2021 09:11:26 PM.
30-2021-01202466-CU-WT-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By Katie Trent, Deputy Clerk.

China R. Rosas (SBN 262171)
LAW OFFICE OF CHINA R. ROSAS
333 City Blvd W, Ste 1700
Orange, CA 92868
Telephone: (714) 352-4814
Email: china@crosaslaw.com

Attorney for Plaintiff
NICOLASA GARCIA

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

# COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

| | |
|---|---|
| NICOLASA GARCIA, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FISHER PRINTING, INC., a Illinois Corporation; and DOES 1-25, inclusive,<br><br>Defendants. | Case No. 30-2021-01202466-CU-WT-CJC<br><br>**COMPLAINT**<br>*[Unlimited Jurisdiction]*<br><br>1. Wrongful Termination in Violation of Public Policy (*Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 170 (1980));<br>2. Failure To Provide Meal Breaks Or Wages In Lieu Thereof; and<br>3. Unlawful And Unfair Business Practices.<br><br>**DEMAND FOR JURY TRIAL**<br><br>**Assigned for All Purposes**<br><br>Judge Melissa R. McCormick |

COMPLAINT
- 1-

# PARTIES

1. Plaintiff Nicolasa Garcia ("Plaintiff" or "Garcia") is, and at all times mentioned in this Complaint ("Complaint") was, a resident of the County of Orange, California. Plaintiff is a female adult and a natural person who is a resident of the State of California, and at all times relevant to this Complaint worked for Defendant Fisher Printing, Inc. in the County of Orange, State of California.

2. Plaintiff is informed and believes that Fisher Printing, Inc., an Illinois Corporation, is, and at all times mentioned in this Complaint was a graphics printing company authorized to operate by the State of California and the United States government and authorized and qualified to do business in the County of Orange. Defendant Fisher Printing, Inc.'s place of business, where the following causes of action took place, was and is in the County of Orange, at 2257 N Pacific St, Orange, CA 92865.

3. Defendants Does 1 through 25 (sometimes hereafter referred to as "DOES 1-25") are sued under fictitious names pursuant to California Code of Civil Procedure § 474. Plaintiff is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and Doe defendants are sometimes hereafter referred to, collectively as the "Defendants."

4. Plaintiff is informed and believes, and based thereon, alleges that the named defendants and Does 1-25 acted as "joint employers" with respect to Plaintiff's employment. Defendants operated within California with respect to Plaintiff's job duties during the relevant time period.

5. Plaintiff is informed and believes that all Defendants compelled, coerced, aided, and/or abetted the conduct alleged in this Complaint, which conduct is prohibited under the under the law. Plaintiff is informed and believes that all Defendants were responsible for the events and damages alleged herein, including on the following bases: (a) Defendants committed the acts

alleged; (b) at all relevant times, one or more of the Defendants was the agent or employee, and/or acted under the control or supervision of, one or more of the remaining Defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the Defendants such that any individuality and separateness between or among those Defendants has ceased, and Defendants are the alter egos of one another.  Defendants exercised domination and control over one another to such an extent that any individuality or separateness of Defendants does not, and at all times herein mentioned did not, exist.  Adherence to the fiction of the separate existence of Defendants would permit abuse of the corporate privilege and would sanction fraud and promote injustice. All actions of all Defendants were taken by employees, supervisors, executives, officers, and directors during employment with all Defendants, were taken on behalf of all Defendants, and were engaged in, authorized, ratified, and approved of by all other Defendants.

  6. On information and belief, Plaintiff's claims are subject to the continuing violations doctrine (because, among other reasons, Defendant's unlawful actions were sufficiently similar in kind, occurred with reasonable frequency, and had not acquired a degree of permanence), equitable tolling (because, among other reasons, Plaintiff's worker's compensation claim against Defendants put the Defendants' on notice of her FEHA claims and in responding to Plaintiff's workers' compensation claims, Defendants were well aware of Plaintiff's wrongful termination concerns, *see, e.g., Brome v. California Highway Patrol*, 44 Cal.App.5th 786 (2020); other actions were pending which operated to toll the statute of limitations (*see Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 354(1983), and/or under the Judicial Counsel emergency orders; and/or any other tolling available under the law.

## **VENUE AND JURISDICTION**

  7. Plaintiff is informed and believes, and thereon alleges, that Defendants, were doing business and/or working in the County of Orange, State of California, Plaintiff worked in the County of Orange, the relevant actions set forth herein occurred in the County of Orange, and that

the County of Orange is where Defendants' records relevant to the alleged unlawful practices are maintained and administered and at least one Defendant resides within the County.

8. Jurisdiction is proper in this Court because Defendants committed the unlawful acts and practices alleged herein within this jurisdiction and the amount of damages sought exceeds the minimum jurisdiction of the Court ($25,000).

9. This Court has jurisdiction over all Defendants because, based on information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

## FACTS COMMON TO ALL CAUSES OF ACTION

10. At all times relevant mentioned herein, Plaintiff was a resident of the County of Orange, State of California. Plaintiff commenced employment with Defendants (or their predecessors and/or affiliated companies) in or about December 2016. Plaintiff took pride in her work at Defendants, and was a dedicated and hard-working employee who competently fulfilled all her job duties. Defendants wrongfully terminated Plaintiff in or about May 22, 2019.

11. During Plaintiff's employment with Defendants, Plaintiff was disabled (and/or Defendants perceived Plaintiff as disabled).

12. Plaintiff was a non-exempt employee. No exemption from overtime applied to Plaintiff.

13. As a consequence of Defendants' conduct, Plaintiff has suffered and will suffer psychological and emotional distress, humiliation, and mental and physical pain and anguish, in a sum to be proven at trial.

14. Defendants' conduct constitutes oppression, fraud, and/or malice under California Civil Code section 3294 and, thus, entitles Plaintiff to an award of exemplary and/or punitive damages.

15. Defendants' conduct was committed with malice within the meaning of California Civil Code section 3294, including that (a) Defendants acted with intent to cause injury to Plaintiff

and/or acted with reckless disregard for Plaintiff's injury, including by terminating (actual or constructive) Plaintiff's employment and/or taking other adverse job actions against Plaintiff because of her protected status(es), and/or (b) Defendants' conduct was despicable and committed in willful and conscious disregard of Plaintiff's rights, health, and safety, including Plaintiff's right to be free of wrongful employment termination.

16. In addition, and/or alternatively, Defendants' conduct was committed with oppression within the meaning of California Civil Code section 3294, including that Defendants' actions against Plaintiff because of her protected status(es) were "despicable" and subjected Plaintiff to cruel and unjust hardship, in knowing disregard of Plaintiff's rights to a work place free of wrongful employment termination.

17. In addition, and/or alternatively, Defendants' conduct, as alleged, was fraudulent within the meaning of California Civil Code section 3294, including that Defendants asserted false (pretextual) grounds for terminating (actual or constructive) Plaintiff's employment and/or other adverse job actions, thereby to cause Plaintiff hardship and deprive her of legal rights.

18. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees.

**FIRST CAUSE OF ACTION**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**
(*Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 170 (1980))
**[As Against All Defendants]**

19. Plaintiff repeats and re-alleges each and every allegation contained in all previous and subsequent paragraphs of this Complaint, and incorporates the same by reference as though fully set forth herein.

20. Plaintiff alleges this First Cause of Action against all Defendants.

21. "[R]elevant authorities both in California and throughout the country establish that when an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may maintain a tort action and recover damages traditionally available in such actions." *Tameny v. Atlantic Richfield Co.*, 27 Cal.3d 167, 170 (1980)

EXHIBIT B, PAGE 16

22. Defendants terminated (actual or constructive) Plaintiff's employment in violation of various fundamental public policies underlying both state and federal laws. Specifically, Plaintiff's employment was terminated in part because of her protected status(es) (i.e., disabilities). These actions were in violation of FEHA.

23. At all times mentioned herein, California Government Code §§ 12900, *et seq.* and its interpretive regulations, were in full force and effect, and set forth the policy of the State of California. The public policy of the State of California is, in part, to protect and safeguard the right and opportunity of all persons to seek and hold employment without discrimination or abridgment on account of disability/perceived disabilities.

24. Among other things, "FEHA's policy prohibiting disability discrimination in employment is sufficiently substantial and fundamental to support a claim for wrongful termination in violation of public policy." (*Rope v. Auto-Chlor System of Washington, Inc.*, 220 Cal.App.4th 635, 660 (2013)). Section 12920 of the FEHA provides that the following:

"It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of . . ., physical disability, mental disability, medical condition, . . . .

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

. . .

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices."

25. Plaintiff has an independent claim for wrongful termination in violation of public policy (which does not required exhaustion of administrative remedies), because the FEHA's remedies for employment discrimination are not exclusive and do not supplant common law

claims.  (*Rojo v. Kliger*, 52 Cal.3d 65, 70–71 (1990); *Kim v. Konad USA Distribution, Inc.*, 226 Cal.App.4th 1336, 1349 (2014) (same)).

26. As a direct and proximate result of Defendants unlawful conduct, Plaintiff has suffered special damages including but not limited to past and future loss of income, benefits, medical expenses, and other damages to be proven at time of trial.

27. As a direct and proximate result of the unlawful conduct of Defendants and each of them, Plaintiff has suffered general damages including, but not limited to, shock, embarrassment, physical distress and injury, injury to reputation, humiliation, emotional distress, stress and other damages to be proven at the time of trial.  As alleged above, Defendants ratified the unlawful conduct of its employees, and therefore are liable for their conduct.

28. Defendants, and each of them, committed the acts herein alleged maliciously, fraudulently and oppressively in conscious disregard for Plaintiff's rights, as set forth above in detail.  Such acts were committed by and/or were ratified by officers, directors, and/or managing agents of Defendants as set forth in above in detail.  Plaintiff is, therefore, entitled to recover punitive damages against Defendants in an amount according to proof at trial.

29. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees. Pursuant to Code of Civil Procedure sections 1021.5 and 1032, et seq., Plaintiff is entitled to recover reasonable attorneys' fees and costs in an amount according to proof.

**SECOND CAUSE OF ACTION**
**FAILURE TO PROVIDE MEAL BREAKS**
**OR WAGES IN LIEU THEREOF**
**(Violation of Cal. Lab. Code §§ 226.7 and the Applicable IWC Wage Order)**
**[As Against All Defendants]**

30. Plaintiff repeats and re-alleges each and every allegation contained in all previous and subsequent paragraphs of this Complaint, and incorporates the same by reference as though fully set forth herein.

31. Plaintiff alleges this Second Cause of Action against all Defendants.

32. California Labor Code Section 512 provides: "An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived."

33. California Labor Code Section 226.7 provides: "(b) An employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, . . . . (c) If an employer fails to provide an employee a meal or rest or recovery period in accordance with a state law, including, but not limited to, an applicable statute or applicable regulation, standard, or order of the Industrial Welfare Commission, . . . the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each workday that the meal or rest or recovery period is not provided.

34. The California Industrial Commission Wage Order impose similar requirements as those set forth in the Labor Code upon employers.

35. At all times herein mentioned, Plaintiff was a non-exempt employee and subject to the meal periods provisions set forth above. Due to Defendants' policies and procedures, Plaintiff was not authorized to take and/or was she not provided with meal breaks in accordance to California law.

36. On information and belief, Defendants also failed to pay meal period premiums. This failure to pay meal period premiums was done willfully, in bad faith, and in knowing violation of the California Labor Code and the applicable IWC Wage Orders.

37. Defendants' unlawful conduct alleged herein occurred in the course of employment of Plaintiff. Because Defendants failed to afford and authorize all proper meal periods required by California law or wages in lieu thereof, they are liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday that the proper meal break period was not provided, pursuant to Labor Code §§ 226.7, 512, and the applicable IWC Wage Orders in an amount according to proof. Wherefore, Plaintiff prays for judgment as more fully set forth below.

### THIRD CAUSE OF ACTION
### UNLAWFUL AND UNFAIR BUSINESS PRACTICES
### [As Against All Defendants]

38. Plaintiff repeats and re-alleges each and every allegation contained in all previous and subsequent paragraphs of this Complaint, and incorporates the same by reference as though fully set forth herein.

39. Plaintiff alleges this Third Cause of Action against all Defendants.

40. Defendants "persons" as defined under California Business and Professions Code Section 17021.

41. Plaintiff is a "person within the meaning of Business and Professions Code section 17204, and therefore has standing to bring this cause of action.

42. Defendants' conduct as alleged in this complaint was unfair, unlawful, fraudulent, and deleterious to Plaintiff.

43. Among other things, the prompt and proper provision of meal periods are fundamental public policies of the State of California. It is also the public policy of the State to enforce minimum labor standards to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect those employers who comply with the law from losing competitive advantage to other employers who fail to comply with labor standards and requirements.

44. Plaintiff is informed and believe, and based thereon allege, that Defendants committed the unfair business practices, as defined by California Business and Professions Code Sections 17200, et seq., by violating the laws alleged to have been violated in this Complaint and which allegations

are incorporated herein by reference and which allegations include, but are not limited to, failure to provide Plaintiff with proper rest breaks and failing to pay plaintiff rest break premiums in violation of state law.

45. Through the conduct alleged herein, Defendants obtained an unlawful competitive advantage by engaging in unlawful, unfair, fraudulent, and deleterious business practices in violation of Business and Professions Code Sections 17200 et seq., depriving Plaintiff, who was injured in fact, of the rights, benefits, and privileges guaranteed to employees under California law, and also allowing Defendants to compete unlawfully in the marketplace.

46. Competitors of Defendants' are likely to be unfairly disadvantaged by the business acts and practices of Defendants.  Consequently, the harm to Plaintiff and/or to Defendants's competitors outweighs the utility of Defendants' business acts and practices.

47. Plaintiff has suffered injury in fact, lost money or property because of the aforementioned unfair competition and, as such, seek restitution and any other remedies permitted by law from Defendants..

48. As a result of their improper acts, Defendants have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff, which include but are not limited to failure to pay federal Social Security and payroll taxes, unemployment insurance taxes and state employment taxes, as well as, failure to comply with numerous state and federal statutes and regulations governing the wages, hours, and working conditions of employees.

49. Defendants should be made to disgorge these ill-gotten gains and restore to Plaintiff wrongfully withheld wages, pursuant to California Business and Professions Code Sections 17202 and/or 17203.  Under Business and Professions Code Sections 17200 et seq., Plaintiff is entitled to obtain restitution of these funds as set forth herein and an injunction prohibiting Defendants' further unlawful acts.

50. Plaintiff also incurred and continue to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial and for which they seek compensation pursuant to

law including but not limited to California Code of Civil Procedure Section 1021.5.

WHEREFORE, Plaintiff prays for judgment as set forth below.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Nicolasa Garcia, prays for judgment against Defendants as follows:

1. For all actual, consequential, and incidental financial losses, including but not limited to, loss of earnings and employment benefits, together with prejudgment interest, according to proof;
2. For exemplary and punitive damages, according to proof;
3. For compensatory, general, and special damages, including front pay, in an amount according to proof;
4. For declaratory relief;
5. For injunctive relief;
6. For disgorgement and restitution pursuant to Business and Professions Code Sections 17200 et seq. in an amount equivalent to the amounts unjustly earned or retained by Defendants by virtue of their engaging in violations of the Unfair Competition Law, according to proof at trial;
7. For Labor Code penalties, fees, and damages, according to proof at trial;
8. For reasonable and statutory attorneys' fees;
9. For prejudgment and post-judgment interest according to any applicable provision of law, according to proof;
10. For costs of suit;
11. For expert witness fees; and
12. For such other and further relief as the Court may deem just and proper

//
//
//
//
//

| | |
|---|---|
| DATED: May 24, 2021 | **LAW OFFICE OF CHINA R. ROSAS** |

By: _____
China R. Rosas, Esq.
Attorney for Plaintiff
NICOLASA GARCIA

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

| | |
|---|---|
| DATED: May 24, 2021 | **LAW OFFICE OF CHINA R. ROSAS** |

By: _____
China R. Rosas, Esq.
Attorney for Plaintiff
NICOLASA GARCIA

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ALTERNATIVE DISPUTE RESOLUTION (ADR)
INFORMATION PACKAGE

NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

  (1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

  (2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

  (3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

  (4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

ADR Information

Introduction.

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

Save Time. A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

Save Money. When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

Increase Control Over the Process and the Outcome. In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

Preserve Relationships. ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

Increase Satisfaction. In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

Improve Attorney-Client Relationships. Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

Loss of protections. If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

Less discovery. There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

Additional costs. The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

Effect of delays if the dispute is not resolved. Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

Arbitration. In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." Binding arbitration means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. Nonbinding arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    Cases for Which Arbitration May Be Appropriate. Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    Cases for Which Arbitration May <u>Not</u> Be Appropriate. If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

Mediation. In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    Cases for Which Mediation May Be Appropriate. Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    Cases for Which Mediation May <u>Not</u> Be Appropriate. Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

Neutral Evaluation. In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

Cases for Which Neutral Evaluation May Be Appropriate. Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate. Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

Settlement Conferences. Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- OC Human Relations (714) 480-6575, mediator@ochumanrelations.org
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:    STATE BAR NO.:<br>NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                    STATE:           ZIP CODE:<br>TELEPHONE NO.:              FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (name): | FOR COURT USE ONLY<br><br>For your protection and privacy, please press the Clear This Form button after you are done printing this form. |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE<br>JUSTICE CENTER:<br>☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13th Street, Westminster, CA 92683-4593 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |
| ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION | CASE NUMBER: |

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
  ☐ Under section 1141.11 of the Code of Civil Procedure
  ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an Order on Court Fee Waiver (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date: _____     _____     _____
                         (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____     _____     _____
                         (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION

Approved for Optional Use                                California Rules of Court, rule 3.221
L1270 (Rev. March 2019)

EXHIBIT B, PAGE 28